# United States District Court

NORTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

V.

NICOLAS ALFONSO PADRON

**CRIMINAL COMPLAINT**

CASE NUMBER: 3-12-MJ-264.BH

FILED JUN 19 2012 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning on or about December 21, 2011 in Dallas County, in the Northern District of Texas defendant(s) did,

> knowingly and intentionally manufactured, distributed, and dispensed, or possessed with intent to manufacture, distribute, and dispense, a controlled substance, hydrocodone, outside of the scope of professional practice and not for a legitimate medical purpose,

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a(n) Special Agent with the Federal Bureau of Investigation (FBI) and that this complaint is based on the following facts:

> See attached Affidavit of Special Agent Mary Kristin Goldschmitt, FBI, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof: XX Yes No

_____
Signature of Complainant
MARY KRISTIN GOLDSCHMITT
Special Agent, FBI

Sworn to before me and subscribed in my presence, on this 19th day of June, 2012, at Dallas, Texas.

IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Mary Kristin Goldschmitt, Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

**I. INTRODUCTION**

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been employed by the FBI as a Special Agent (SA) for approximately two years, and am currently assigned to the FBI Dallas Field Division.

2. During my time as a law enforcement officer with the FBI, I have participated in previous investigations of all the normal methods of investigations, including, but not limited to, the use of physical and electronic surveillance, the execution of arrest and search warrants, and the debriefing of informants. I have gained training and experience in the conduct of such investigations. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

## II. FACTS AND CIRCUMSTANCES

3. I have probable cause to believe that **Nicolas Alfonso Padron** (Padron) has violated 21 U.S.C. § 841(a)(1): Padron who is authorized to dispense controlled substances, knowingly and intentionally manufactured, distributed, and dispensed, or possessed with intent to manufacture, distribute, and dispense, a controlled substance, hydrocodone, outside the scope of professional practice and not for a legitimate medical purpose. The following information is based on my own observations, information received from a Confidential Source (CS), enforcement actions, and information provided to me by other law enforcement officers involved in the investigation.

## III. BASIS FOR PROBABLE CAUSE

4. On or about September 2, 2011, agents learned that Mesquite Police Department (MPD) Investigator Chris Talley, Narcotics Section received information from CS that Padron was writing prescriptions for hydrocodone and Xanax without a medical examination for a cash fee of $250. According to CS, recruiters drove groups of people to the Padron Wellness Clinic (PWC) to obtain prescriptions for hydrocodone and Xanax from Padron; after the prescriptions were filled the recruiters would sell the narcotics on the street. Investigators learned that Padron is a medical doctor licensed by the State of Texas and authorized to prescribe controlled substances. Padron is the sole owner and operator of PWC, which is located in the Dallas Division of the Northern District of Texas.

5. MPD Investigators conducted extended surveillance on PWC which corroborated CS's description of the recruiters arriving at PWC's clinic, each accompanied

by several other people. MPD Investigators observed that shortly after a group of people would enter PWC, they would then exit in group and be driven to various pharmacies in the area.

6. On December 21, 2011, CS entered PWC with an audio/video recording device for a scheduled medical appointment. CS paid $185 to a female employee at the front desk. Another female employee checked CS's weight and blood pressure and took him/her into an examination room. A few minutes later Padron entered the room. Padron told CS he had seen him/her a month ago about a "scar on elbow or something, guess it's better." Padron did not perform any examination, nor was anything discussed regarding pain or anxiety issues. CS asked Padron if he/she could have a larger quantity than the last prescription of Xanax. Padron stated, "No, I just do 30 for that anyways, hydro of course I do 120." Padron wrote the CS a prescription for hydrocodone and Xanax. An employee of PWC faxed the prescriptions to Urban Independent Pharmacy (UIP). After leaving PWC, CS went directly to UIP and filled the prescriptions for hydrocodone and Xanax. Padron dispensed and distributed these prescriptions outside the scope of professional practice and not for a legitimate medical purpose.

7. The Texas DPS prescription monitoring program (PMP) maintains Schedule II, Schedule III, Schedule IV, and Schedule V prescription information that is received from Texas pharmacies and is therefore only as accurate as the information provided by the pharmacies. According to Padron's DPS prescribing records, Padron wrote 9,364 prescriptions for hydrocodone from December 16, 2010 to September 23, 2011. Based on

Affidavit in Support of Criminal Complaint - Page - 3

the investigation, agents discovered Padron charges $250 and $185 cash per visit for prescriptions.

9. On January 5, 2012, pursuant to a Federal search warrant, evidentiary material was seized. A review of that material yielded a cash receipt dated December 21, 2011, made out to the CS in the amount of $185.

10. In addition, on January 5, 2012 Padron was voluntarily interviewed and voluntarily stated "I told my employees I needed to get away from this because I would probably get raided. I was trying to cut down and preparing for something like this. It's a risky business and trying to keep legitimate." Investigators further questioned Padron about the meaning of his statement and Padron stated "Prescribing too much hydro."

### IV. CONCLUSION

11. Based on the foregoing, I believe probable cause exists that on or about December 21, 2011 in the Dallas Division of the Northern District of Texas, **Nicolas Alfonso Padron**, authorized to dispense controlled substances, knowingly and intentionally manufactured, distributed, and dispensed, or possessed with intent to manufacture, distribute, and dispense, a controlled substance, hydrocodone, outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841 (a)(1).

_____
Mary Kristin Goldschmitt
Special Agent, FBI

Subscribed to and sworn before me, this the ____19th____ day of June, 2012.

_____
Irma C. Ramirez
United States Magistrate Judge
Northern District of Texas

Affidavit in Support of Criminal Complaint - Page - 5