IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-211-M (01) |
| | ) | |
| NICOLAS A. PADRON | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

On January 31, 2017, Defendant Nicolas A. Padron ("Defendant") filed this Motion to Set Aside Seizure and Forfeiture of Untainted Assets. (ECF No. 954.) For the foregoing reasons, the motion should be denied.

The criminal proceedings against Defendant concluded before he filed this motion. The motion is therefore not properly filed in the criminal case, but should have been filed as a civil action for the return of property. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Courts may treat a *pro se* filing as one seeking the appropriate remedy. *Id*. Accordingly, Defendant's motion should be liberally construed as a civil action under 28 U.S.C. § 1331 seeking the return of property.

Defendant pled guilty to a superseding indictment charging him and others with

1

engaging in a conspiracy to unlawfully distribute controlled substances in violation of 21 U.S.C. § 846. The superseding indictment notified Defendant that the government would seek to forfeit the following property:

- a. One 2008 Chaparral Boat, HIN FGBG3212A808, with a 2008 Mercruiser motor and the 2008 Loadmaster Trailer, VIN 4YPAB18248T047312.;
- b. $17,165.81 in funds seized from Account #XXXXXXXX8899 in the name of Nick A. Padron, dba Padron Wellness Clinic, at Bank of America, Irving, Texas;
- c. $114,039.19 in funds seized from Account #XXXXXXXX8662 in the name of Nick A. Padron at Bank of America, Irving, Texas;
- d. $51,760.03 in funds seized from Account #XXXXXXXX3224 in the name of Nick A. Padron & Zoe Q. Padron at Bank of America, Irving, Texas;
- e. 2009 BMW X5 SUV, VIN 5UXFE43549L266741;
- f. 2011 GMC Sierra SLE 4 Door Extended Cab Truck, VIN 1GTR1VE04BZ146748;
- g. $6,831.89 in funds seized from Account #XXXXXXXX7532 in the name of Padron Wellness Clinic TP LLC at Bank of America, Irving, Texas;
- h. $15,727.90 in funds seized from Account #XXXXX9469 in the name of Nick A. Padron at JP Morgan Chase Bank, Dallas, Texas;
- i. All funds in Account #XXX-XX1054 in the name of Nicolas Padron at TD Ameritrade, Omaha, Nebraska;
- j. All funds in Account #XXX-XX9043 in the name of Nicolas Padron at TD

Ameritrade, Omaha, Nebraska;

k.     $154,648.00 in U.S. currency seized on January 5, 2012 from 2722 Oak Point Drive, Garland, Texas;

l.     $3,588.00 in U.S. currency seized on January 5, 2012 from Padron Wellness Clinic, Dallas, Texas;

m.     $1,952.00 in U.S. currency seized on January 5, 2012 from a 2006 Nissan Altima registered to Nicolas A. Padron; and

n.     The real property located at 2722 Oak Point Drive, Garland, Dallas County, Texas, and more specifically described as Lot 34, Block 9, of Oakridge No. 11, an Addition to the City of Garland, Dallas County, Texas, according to the Plat thereof recorded in Volume 84136, Page 4096, of the Map Records, Dallas County, Texas.

On August 26, 2013, Defendant signed a plea agreement stating:

> 7.     Forfeiture of property: Padron agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the superseding indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Padron agrees this property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) and/or 21 U.S.C. § 853(a), whichever is applicable. Padron agrees to provide truthful information and evidence necessary for the government to forfeit such property. Padron agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

(ECF No. 296 at 3-4.)

On February 6, 2014, the district court entered a preliminary order of forfeiture listing the property contained in the superseding indictment forfeiture list. (ECF No. 539) The order noted that the

3

superseding indictment provided Defendant with notice of the forfeiture, and that Defendant had agreed in his plea agreement not to contest the forfeiture. Petitioner did not object to the preliminary order of forfeiture. On November 25, 2014, the court entered judgment sentencing Defendant to 87 months in prison. The judgment included the list of forfeited property from the superseding indictment. Defendant appealed his sentence, but he did not appeal the forfeiture.

On January 31, 2017, Defendant filed the instant motion. He claims he did not receive notice of the forfeiture and did not knowingly sign any agreement for forfeiture. He also states untainted assets acquired before September 2010 were not subject to forfeiture. Finally, he claims that under *Luis v. United States*, 136 S. Ct. 1083 (2016), the seizure of his assets was improper because it required him to borrow money and "settle for a lesser attorney because he had no funds of his own." (ECF No. 954 at 6.)

II.

Defendant's claim that he did not receive notice of the forfeiture is without merit. As stated above, the superseding indictment provided Defendant with notice of the forfeiture. The record also shows that on August 26, 2013, Defendant signed a plea agreement wherein he agreed not to contest or challenge the forfeiture. The forfeiture was also included in the judgment of his criminal case. Defendant's claim of a lack of notice should be denied.

Defendant also lacks standing to assert a claim to the forfeited property. The district court's February 6, 2014, preliminary forfeiture order was a final judgment as to Defendant's rights to the forfeited property.[1] *See United States v. De Los Santos*, 260 F.3d 446, 447 (5th Cir. 2001). The preliminary forfeiture order became final as to Defendant at his sentencing. *See* Fed. R. Crim. P. 32.2(4)(A).

---

[1] A preliminary order of forfeiture determines a defendant's rights to the property, while a final order of forfeiture determines the rights of third parties to the forfeited property. *See De Los Santos*, 260 F.3d at 448.

Defendant's property rights to the assets specified in the preliminary forfeiture order were "extinguished upon entry of the preliminary order of forfeiture at the time of the criminal judgment." *United States v. Torres*, 450 Fed. Appx. 361, 362 (5th Cir. 2011) (per curiam). After entry of judgment, Defendant's only remedy was a direct appeal. *See De Los Santos*, 260 F.3d at 448; *Torres*, 450 Fed. Appx. at 362. Although Petitioner filed a direct appeal, he did not challenge the forfeiture in his appeal. Petitioner therefore lacks standing to contest the forfeiture in his current motion.

### III.

The Court recommends that Defendant's Motion to Set Aside Seizure and Forfeiture of Untainted Assets be denied, and that the Clerk's Office be directed to open a new civil action and file this motion in that action (nature of suit 540).

Signed this 24th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).